UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TOWNSHIP OF WEST CALDWELL,** | : | **Civil Action No. 23-20324 (MCA)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **REPORT & RECOMMENDATION** |
| | : | |
| **JONATHAN RUHNKE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CLARK, Magistrate Judge**

 **THIS MATTER** comes before the Court upon the motion of Plaintiff the Township of West Caldwell ("the Township") to remand the pending action to the Superior Court of New Jersey, Essex County [Dkt. No. 4]. Defendants Jonathan Ruhnke and Orchid Bellefantie, (collectively, "Defendants Ruhnke & Bellefantie") filed papers opposing the motion [Dkt. No. 5]. The Township filed a reply, [Dkt. No. 5], and Defendants Ruhnke & Bellefantie filed a sur-reply, [Dkt. No. 13][1]. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Madeline Cox Arleo, U.S.D.J., referred the Motion to the Undersigned for Report and Recommendation. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, the Court respectfully recommends that the Township's motion to remand [Dkt. No. 4] be **GRANTED**.

**I.     BACKGROUND**

 On August 15, 2023, the Township filed a Verified Complaint and Order to Show Cause seeking Temporary Restraints in the New Jersey Superior Court, Chancery Division, Essex

---

[1] The Court granted Defendants Ruhnke & Bellefantie permission to file their sur-reply. *See* Dkt. No. 11.

County, against Defendants Ruhnke & Bellefantie, Christopher Robitaille, and Christopher Heddinger. *See* Dkt. No. 1, Exhibit 1. The Township filed its Verified Complaint seeking to shut down a New Jersey State Licensed Cooperative Sober Living Residence ("CSLR") operated by Defendants Ruhnke & Bellefantie on their property located at 25 Dodd Road West Caldwell, New Jersey. *Id.* The Verified Complaint cites state law and local ordinances in claiming that a CSLR cannot be operated at the subject property. *Id.* According to the Township, the subject property only permits single-family dwellings, as it is located in a "Single-Family Residence District" pursuant to the Township's Zoning Ordinance § 20-5.1 as an R-4 Zoning District. *Id.*

The Township's request for temporary restraints was denied after a hearing on August 18, 2023 at which all parties appeared, and a return date was set for the Order to Show Cause on October 2, 2023. *See* Dkt. No. 1, Exhibit 3. Thereafter, Defendants Ruhnke & Bellefantie filed a Notice of Removal on September 13, 2023 pursuant to 28 U.S.C. §§ 1331, 1441, 1443 and 1446. Dkt. No. 1. They assert that a sufficient basis for removal exists since group homes for persons recovering from addictions are afforded both Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") protections under 42 U.S.C. § 12132 and 42 U.S.C. §§ 12101-12213. *See* Dkt. No. 1. Thereafter, Defendants Ruhnke & Bellefantie filed their Answer asserting various affirmative defenses and raising counterclaims based in federal law under the FHA and ADA, and a state law claim under the New Jersey Law Against Discrimination. Dkt. No. 2. The CSLR continues to operate at the subject property. *See* Dkt. No. 1, Exhibit 3, Preliminary Injunction Order.

The Township argues that this matter should be sent back to state court because Defendants' removal was improper due to their violation of the "rule of unanimity." *See e.g.* Dkt. No. 4-2. The Township alleges that Defendants Ruhnke & Bellefantie did not obtain consent to

removal from Defendants Robitaille & Heddinger, thus making removal to federal court procedurally improper. *Id.* The Township further argues that proper federal jurisdiction does not exist under § 1443, as the Township did not plead any federal question in its well-pleaded complaint, Defendants have not asserted any counterclaims sounding in racial equality, and Defendants have not shown they are being deprived of a federal right and cannot enforce that right in state court. *Id.* at p. 9-10. The Township also seeks the imposition of attorney's fees pursuant to 28 U.S.C. § 1447(c). *Id.* at p. 12.

Defendants Ruhnke & Bellefantie argue that removal was proper because Defendants Robitaille and Heddinger are no longer residents of the CSLR. *See* Dkt. No. 5. Defendants Ruhnke & Bellefantie claim that the only reason Defendants Robitaille & Heddinger were joined in this lawsuit was because they were still occupying the CSLR at the time of filing. *Id.* It is undisputed, however, that Defendant Robitaille was the house manager of the CSLR for at least a period of time. *See* Dkt. No. 1, Complaint at ¶ 42; *see also* Dkt. No. 2, Answer at ¶ 42. All other occupants of the CSLR who had vacated the premises prior to filing were not named in this lawsuit. *Id.* Therefore, Defendants Ruhnke & Bellefantie argue that Defendants Robitaille & Heddinger, by definition, are only nominal defendants to this action, which places them in one of the exceptions to the rule of unanimity where their consent to removal was not required. *Id.* In its reply brief, the Township argues that Defendants Robitaille & Heddinger are not nominal defendants to the action because they maintained tangible interests in the subject premises and that no license or guest agreements had been terminated at the time the notice of removal was filed. *See* Dkt. No. 6. In their sur-reply, Defendants Ruhnke & Bellefantie raise for the first time that the guest agreements for Defendants Robitaille & Heddinger were in fact terminated, along with all of the guest

agreements of the then-occupants of the CSLR, sometime between July 28, 2023 and August 4, 2023 (before this lawsuit was filed). *See* Dkt. No. 13.

It is alleged that Defendants Robitaille & Heddinger first departed the subject property by August 11, 2023 after the threat of a lawsuit, but returned on August 14, 2023 with police officers who threatened to arrest Defendant Ruhnke if he did not allow Defendants Robitaille & Heddinger to return. *See* Dkt. No. 6-5, Certification of Lori Reynolds at Exhibit A. Defendants claim Heddinger thereafter vacated the property and has not lived there since September 13, 2023. *See* Dkt. No. 5-3, Certification of Jonathan Ruhnke at ¶ 5. Robitaille is said to have also departed the subject property by September 13, 2023, but later returned for "a series of days" until he left again on or about October 1, 2023. *Id.* at ¶ 6. Subsequently, Defendants Ruhnke & Bellefantie claim they changed the locks "so that Robitaille would be unable to reenter the structure if he were to return." *Id.* However, Robitaille once again returned to the property on November 4, 2023 to collect his belongings that remained there. *See* Dkt. No. 13-3, Certification of Shaun Ward at ¶ 3. Such activity seems to suggest that the changing of the locks and termination of lease agreements did not work, and that Defendant Robitaille at the very least had access to the CSLR into early November 2023. By then, the guest agreements of all CSLR occupants, including Defendants Robitaille & Heddinger, had supposedly been terminated for almost three months.

## II.   DISCUSSION

### A.  Legal Standard for Remand

Remand is governed by 28 U.S.C. § 1447(c), which provides removed cases may be remanded: (i) within thirty (30) days of the filing of the notice of removal, if removal was procedurally defective; or (ii) at any time before final judgment, if the district court determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). A district court has

original jurisdiction to hear claims based in diversity of citizenship or claims that involve a federal question pursuant to 28 U.S.C. § 1331 that arise "under the Constitution, laws, or treaties of the United States."

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court.") (internal citations omitted). Moreover, "[i]t is well settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (*citing Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *see also Palmer v. Univ. of Med. & Dentistry of New Jersey,* 605 F. Supp. 2d 624, 627 (D.N.J. 2009) (courts must "narrowly construe § 1441 against removal") (*citing Shamrock Oil & Gas Corp.*, 313 U.S. at 108-10).

First, the Court will address whether the underlying action is within its original jurisdiction under § 1441, before turning to the limited exception for removal under § 1443. Then, the Court will discuss the procedural requirements for removal under § 1446. Lastly, the Court considers whether to award costs and fees under § 1447.

### B.  Removal under § 1441

As a threshold matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that

originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where removal is not premised on diversity of citizenship, federal-question jurisdiction is required. *Id.*; *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) ("For removal to be proper, 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" (*quoting Boncek v. Pennsylvania R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)).

The determination of whether a substantial federal question exists in a case is determined by the well-pleaded complaint rule. *See Caterpillar*, 482 U.S. at 386, 392. "The 'well-pleaded complaint' rule requires federal question jurisdiction be established squarely within the four corners of the plaintiff's complaint for removal purposes." *Palmer*, 605 F.Supp.2d at 632–33; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813-14 (1986) (cautioning that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); *see also United States Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir.2002) ("It is not enough that a federal question is or may be raised as a defense. 'The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.' " (internal quotations omitted)).

Most importantly, the Supreme Court has ruled that federal jurisdiction may not rest on a federal counterclaim, even when compulsory. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 (2002) ("a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); s*ee also Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (noting that the assertion of a counterclaim is "irrelevant to whether the district court had 'original

jurisdiction' over the civil action"); *Kislak Co. Inc. v. Prominent Properties LLC*, No. CV222482RKRLS, 2023 WL 5218085, at *2 (D.N.J. Aug. 15, 2023) ("a defendant may not remove an action to federal court, under 28 U.S.C. § 1441, on the grounds that a federal question is raised in a crossclaim, counterclaim, or third-party claim.") (*citing AHS Hosp. Corp. v. Ippolito*, No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019)); *Palmer*, 605 F. Supp. at 631-32 (allowing a counterclaim to establish "arising under" jurisdiction would allow a defendant to choose the forum over plaintiff simply by raising a federal counterclaim).

Here, the Township did not raise any federal question in its well-pleaded complaint and in fact only cited to state law and/or local ordinances in its causes of action. *See* Dkt. No. 1, Exhibit 1. Thus, under the well-pleaded complaint rule, removal was improper. While Defendants assert in their Notice of Removal that "[t]his Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims involve a federal question," [Dkt. No. 1, Notice of Removal at ¶ 6-7], the only federal question(s) raised here is in Defendants Ruhnke & Bellefantie's counterclaim. As clearly established by the pertinent caselaw, raising a federal question in a counterclaim does not confer proper subject matter jurisdiction. Therefore, Defendants do not have proper jurisdiction under § 1441.

### C.  Removal under § 1443

For actions involving civil rights, 28 U.S.C. § 1443 offers a limited exception where a defendant may remove the matter to federal court if the action is:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Court assumes that Defendants Ruhnke & Bellefantie seek to invoke the first subsection of § 1443. The Third Circuit has emphasized that § 1443(1) removal is "a narrow exception to the rule that a state court action may be removed to a federal district court *only if* federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (emphasis added); *see Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) ("Section 1443(1) applies only in rare cases."). Under § 1443, a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law "providing for ... equal civil rights"; and (2) that he is " 'denied or cannot enforce' that right in the courts" of the state. *Id.* at 1047 (*quoting State of Georgia v. Rachel*, 384 U.S. 780 (1966)). Under the first prong, "a defendant must allege a deprivation of rights guaranteed by a federal law providing for specific civil rights stated in terms of racial equality." *Ocwen Loan Servicing, LLC v. Ezekoye*, 179 F. App'x 842, 843 (3d Cir. 2006) (*citing Davis*, 107 F.3d at 1047); *see also Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016) ("Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal of an action to federal court."); *Rachel*, 384 U.S. at 792. Under the second prong, the defendant must prove that his or her federal civil rights would inevitably be denied by the very act of being brought to trial in state court. *Id.*

Here, the limited exception for certain civil rights actions does not apply in this case. Addressing the first requirement of § 1443(1), Defendants did not allege in their counterclaims that the state court litigation involves issues of racial inequality, and they offer no argument in their motion papers to dispute that determination. As for the second requirement of § 1443(1), Defendants never demonstrated that they would be unable "to protect their rights" in state court as

required by *Rachel*. Therefore, there does not appear to have been a valid basis for the removal under § 1443.

### D.  Removal under § 1446 and the Rule of Unanimity

Though the Court finds that remand is proper due to the Court's lack of jurisdiction, in the interest of completeness, the Court will also address Defendants Ruhnke & Bellefantie's procedural failure to receive unanimous consent to removal. For a removal to be procedurally proper, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Gableman v. Peoria*, D. & E. Ry. Co., 179 U.S. 335 (1900); *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245 (1900). This "Rule of Unanimity" is well-established in the Third Circuit. *See Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir. 1985); *Step Plants Servs. v. Koresko*, 219 Fed. Appx. 249, 250 (3d Cir. 2007) (upholding remand to state court based upon a defendant's failure to obtain unanimous consent of all properly served defendants). Under this rule, "[a]ll defendants to an action must expressly, officially and unambiguously consent to join in a notice of removal to federal court." *McGuigan v. Darden,* No. CIV.A. 11-6563, 2012 WL 832168, at *3 (E.D. Pa. Mar. 13, 2012) (c*iting Morganti v. Armstrong*, 00–6343, 2001 WL 283135, at *4 (E.D.Pa. Mar.19, 2001)). Moreover, a "defendant's failure to properly join the notice of removal is a fundamental defect that may not be cured after the expiration of the thirty day period." *Morganti*, 2001 WL 283135, at *3. However, the Third Circuit has recognized limited exceptions to the rule of unanimity where: (i) the non-joining defendant is unknown or a nominal party; (ii) the non-joining defendant was fraudulently joined; or (iii) the non-joining defendant had not been served at the time the notice of removal was filed. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

9

The Court will only be discussing the nominal party exception. Defendants Ruhnke's & Bellefantie's view as to the definition of a "nominal party" comes from Black's Law Dictionary, which defines "nominal party" as "a party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects." *Black's Law Dictionary* (11th ed. 2019). On the other hand, the Township points to caselaw in support of its interpretation of the definition of a "nominal party." Specifically, the Township cites the Third Circuit Court of Appeals, which defined "nominal parties" as "those without a real interest in the litigation." *Bumberger v. Ins. Co. of North America*, 952 F.2d 764, 767 (3d Cir. 1991) (*citing Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985)); *see also Glastein v. CareFirst Blue Cross Blue Shield*, Civ. A. No. 18-9664, 2019 WL 1397488, at *4 (D.N.J. Mar. 28, 2019) (explaining a defendant "unconnected to the wrongdoing alleged in the [c]omplaint" is a nominal party) (*citing Michaels v. New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996)).

Here, it is undisputed that Defendants Ruhnke & Bellefantie did not get consent to remove this matter from Defendants Robitaille & Heddinger. The Court does not find, and Defendants Ruhnke & Bellefantie have not established, that Defendants Robitaille & Heddinger are "nominal parties" without an interest in the litigation. First and foremost, it is undisputed that Robitaille was the house manager of the CSLR at the Subject Property at some point in time. Therefore, as house manager, Robitaille played a role in the operation of the CSLR in purported violation of the Township's Zoning Ordinance(s). Such a role suggests Robitaille has an interest in the outcome of this litigation and is not a nominal party.

Furthermore, the fact that Defendants Robitaille & Heddinger continued to have access to the property after their leases were terminated also support the fact that they are not nominal parties. While Defendants Ruhnke & Bellefantie assert that *all* guest agreements with occupants of the CSLR were terminated before the filing of this lawsuit sometime between July 28, 2023 and August 4, 2023, [*see* Dkt. No. 13-1 at ¶ 3, Certification of Jonathan Ruhnke], Defendant Ruhnke certifies himself that Defendants Robitaille & Heddinger did not fully vacate the premises until September 13, 2023. This date is after the August 4, 2023 date when the guest agreements were supposedly terminated, after the filing of the lawsuit on August 15, 2023, and after the August 18, 2023 preliminary injunction hearing in which Defendants Robitaille & Heddinger appeared as parties. In the case of Robitaille, he continued to access the property even after the notice of removal was filed on September 13, 2023, supposedly showing up to the property for the last time on November 4, 2023. The delay in vacating, the bringing of police officers who threatened to arrest Defendant Ruhnke if they were not let back in, and Robitaille's multiple visits back to the property suggest Defendants Robitaille & Heddinger have wanted to, and still may want to, resume occupancy at the property at some point. Thus, they certainly cannot be said to be nominal parties without an interest in the litigation.

### E. Attorney's Fees

Having determined that remand is appropriate, the Court considers whether the Township should be awarded attorney's fees. Pursuant to 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses, including attorney fees" upon remanding a case. The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Mints v.*

11

*Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996) ("[D]istrict court may require the payment of fees and costs ... even though the party removing the case did not act in bad faith."). The statute confers "broad discretion and ... flexib[ility]" on the district court. *Id.* Congress granted this power to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140. "Typically, courts award attorneys' fees where it is clear that the complaint does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." *Vastola v. Sterling, Inc.*, No. 21-14089, 2022 WL 2714009, at *5 (D.N.J. Jul. 13, 2022); *see also Kislak*, 2023 WL 5218085, at *4 (awarding attorney's fees because "[t]he law is clear that neither counterclaims nor defenses can confer subject matter jurisdiction, and the [sic] Defendants fail to show or argue that an exception to the well-pleaded complaint rule applies here.")

Here, Defendant Ruhnke & Bellefantie's Notice of Removal makes the blanket statement that they removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441, 1443 and 1446. Yet, minimal research of the pertinent caselaw involving each of the aforementioned statutes show that removal was not proper. § 1331 and § 1441 are not applicable, because a federal question establishing proper jurisdiction was clearly not present in the Township's Verified Complaint. The limited exception in § 1443 does not apply, because there is no claim concerning racial equality and no suggestion that Defendants would be unable "to protect their rights" in state court. Lastly, even if there was proper jurisdiction, this matter was not properly removed pursuant to § 1446 because Defendants did not obtain unanimous consent from all Defendants in this case.[2] Therefore,

---

[2] The Court notes that not only did Defendants Ruhnke and Bellefantie fail to properly address the jurisdictional requirements in its Notice of Removal and Answer, but when the Township raised its lack of jurisdiction arguments in its brief for this motion to remand, Defendants did not even address jurisdictional requirements under § 1441 and §1443 in their opposition papers even though it is their burden to establish that federal jurisdiction is proper for removal purposes.

the Court finds that Defendants Ruhnke and Bellefantie lacked an objectively reasonable basis for seeking removal of this matter, and the Township is entitled to attorney's fees and costs incurred as a result of the improper removal.

## III.    CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Federal Rule of Civil Procedure 78;

**IT IS** on this 20th day of February 2024,

**RECOMMENDED** that Plaintiff's motion to remand and request for attorney's fees [Dkt. No. 4] be **GRANTED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**